THOMAS McRANEY et al. *v.* JOHN COULTER, Prest., &c.

1. CHANCERY: NEW TRIAL AT LAW: DUTY OF PARTIES TO SEE THAT
JUDGMENTS IN THEIR FAVOR ARE ENTERED ON MINUTES.—It is the duty
of a party, or his counsel, to see that the orders and judgments pronounced
by the presiding judge in his favor are entered on the minutes of the court;
and hence it is no ground for relief in equity that the judge of the Circuit
Court sustained the complainant's motion for a new trial, and that the judg-
ment thereon was omitted to be entered on the minutes by the clerk.
2. SAME: NEW TRIAL AT LAW NOT GRANTED WHERE COMPLAINANT IS
GUILTY OF LACHES.—A court of equity will not grant a new trial at law if
the complainant has been guilty of any *laches* in availing himself of his
rights in the court of law.

APPEAL from the Chancery Court of Covington county.   Hon.
John E. McNair, chancellor.

*E. J. Goode,* for appellant.

*B. Taylor* and *T. J. Wharton,* for appellees,
Insisted that it was the duty of complainant, or his attorney,
to see that the judgment of the Circuit Court sustaining his mo-
tion for a new trial was entered on the minutes of the court.   That
chancery will only grant relief where the parties could not have
protected themselves in a court of law, by the proper use of means
there secured to them; and, having been guilty of neglect in this
case, the complainant's bill must be dismissed.

SMITH, C. J., delivered the opinion of the court:
This was a bill filed in the Chancery Court of Covington county
for a new trial at law, which was granted; and the defendants
appealed.
The material facts alleged in the bill and proved are sub-
stantially these: The appellee brought suit against the appellants,
in the Circuit Court of said county, on a promissory note.   The
presiding judge of the district being disqualified to sit in the
cause, a trial was had before a special judge, selected as the statute

directs; and verdict and judgment were rendered for the appellants. A motion was made for a new trial, at the hearing of which the special judge also presided. The motion was sustained, and the decision announced from the bench. Immediately thereafter the special judge withdrew without having made any entry, memorandum, or minute upon the motion docket, and without having given any instruction to the clerk in relation to the subject. When the clerk was employed in making up the minutes, in copying the orders from the motion docket he observed that the word " sustained" was written under or opposite the motion, on the docket; and knowing that the word was in the handwriting of the presiding judge he called his attention to it. The judge, recognizing the word to be in his handwriting, was unable to state whether the special judge had requested or authorized him to make the minute or not. And the clerk, not knowing whether the motion for a new trial was granted or not, made no entry in relation to it upon the minutes of the court. The bill contains no allegation, nor was there any evidence to show, that the appellee in person or by his counsel was present in court when the minutes were read, or that he caused them to be inspected at any time during the term.

The only question in the case is, whether the court did not err in granting the relief prayed for in the bill.

If it were conceded that the facts above stated make out a case, in which, according to the principles of equity, relief should be granted, it is nevertheless evident the appellee did not stand in an attitude in which he could claim the assistance of a court of chancery.

In bills of this character the rule of diligence is strictly applied. Hence, in the case before us, the appellee was bound to prove that the neglect or accidental omission of the clerk to enter the judgment on the motion for a new trial occurred without *laches* on his part, and that, by the use of proper diligence, the neglect or omission could not have been remedied or corrected; and thus have prevented the injury resulting therefrom. But, instead of being watchful and diligent, he relied upon the presumption that the clerk would do his duty. It is evident that, by an inspection of the minutes, the omission might have been perceived; or if

the appellee or his counsel had been present in court when the minutes of that day were read, the omission or neglect of the clerk, whether accidental or designed, to enter thereon the judgment on the motion for a new trial, would doubtless have been discovered; and it is clear that, if it had then been perceived, the error might have been corrected.

The record contains no proof to this effect; in fact there is no allegation, in the bill, which would, if such proof had been offered, have rendered its introduction proper.

Upon this state of facts it is not to be doubted that the appellee was in default. He failed to use the diligence which, upon well-settled principles, was essential to entitle him to the relief which was granted in the court below. We therefore reverse the decree and order the bill to be dismissed.