## HARMON STEVENS

### *v.*

## MICHAEL D. COFFEEN *et al.*

1. PRACTICE IN CHANCERY — *duty of successful party to prepare the decree.* Where the minutes of the judge afford sufficient *data*, it is the duty of the solicitor of the party in whose favor a decree in chancery is pronounced, to write out the decree in proper form, and submit it to the court for its approval, and furnish it to the clerk to be entered of record.

2. If such duty be neglected, the party has no right to complain or to claim indulgence by reason of the decree not being entered at the term it was pronounced; and if the decree should be entered of record at a subsequent term, *nunc pro tunc*, it seems he would be bound by its terms the same as though it had been entered at the proper time, although by lapse of time some of his rights may thereby be cut off.

3. SAME — *what is a sufficient entry for a decree on bill to redeem.* On a bill to redeem from a deed absolute on its face, but alleged to be simply a mortgage, a decree in favor of the complainant should find the precise amount due to the defendant; and where the minutes of the judge omit to specify that amount, they do not afford sufficient *data* to enable the complainant's solicitor to draw up the decree.

4. SAME — *entering decree nunc pro tunc — time for payment of money on decree to redeem.* On a bill to redeem from a mortgage, the court pronounced a decree in favor of the redemption, and directed the amount due to defendant, without specifying what that amount was, to be paid by the first day of the next term; this decree, however, was not entered of record at the term it was pronounced, but was only entered in the minutes of the judge. At the next term a decree to the same effect, but finding the amount due, was entered of record *nunc pro tunc;* and, at the same time, the court, finding the fact that the money had not been paid within the time prescribed in the decree as pronounced at the former term, dismissed the bill. This was error. The minutes of the judge at the first term being insufficient *data* from which to enter the decree at that term, on entering the decree at the next term some short time should have been given the complainant within which to pay the money.

5. COMPOUND INTEREST — *what constitutes.* Where a decree finds a sum of money to have been due at a certain day, and interest is computed thereon up to the day of entering the decree, the principal and interest so found will be the amount of the decree, and the decree will bear interest from the date of its entry. This is not allowing compound interest.

6. MEASURE OF DAMAGES — *where the price is agreed upon.* Where one agrees to pay a specific sum as rent, for the use and occupation of premises, proof that

the premises were worth more than that sum is of no avail. The contract must control. It is unlike the case of proving the consideration of a deed, when a party may show a different one from that expressed in the deed.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. O. L. DAVIS, Judge, presiding.

The opinion states the case.

Messrs. COLER & SMITH, for the plaintiff in error.

Mr. E. S. TERRY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Circuit Court of Champaign county, exhibited by Harmon Stevens against Michael D. Coffeen and others, the scope of which was to redeem certain lands which Stevens had conveyed to Coffeen and company by an absolute deed, on the allegation that the deed, though absolute on its face, was intended to be a mortgage security for money loaned. The prayer of the bill was for an injunction to restrain Coffeen from conveying the lands, and from prosecuting any suit for the recovery of the possession from complainant, and that defendant might be decreed to reconvey the land to complainant on his paying the amount justly due, with the interest thereon. The bill was sworn to, and the oath to the answer was waived.

The bill alleges, among other things, an indebtedness by complainant to the firm of M. D. Coffeen & Co. and Minor, Andrews and White, for which judgment had been obtained by them against complainant, but at what precise time is not stated. It is alleged, however, that executions had been issued on these judgments, and the land, which is the subject of this controversy, sold thereon on the 3d day of March, 1859, being one quarter section, and described as the north-east of sixteen, township eighteen north, range fourteen west, lying in Champaign county; that Coffeen & Co., on the 23d of March, 1859, purchased, at the sheriff's sale thereof, the north-west quarter of the same for $396.83; and that Minor, Andrews and White,

on the same day, at the same sale, purchased the remaining three-quarters for the sum of $992.95, the entire sale of the quarter section amounting to $1,392.77.

The bill then alleges that, as the time of redemption was about to expire, viz.: in the month of February, 1860, complainant, being in need of money with which to redeem, applied to Coffeen, defendant herein, for a loan of a sum sufficient for such redemption, to wit: for the sum of $1,392.77, and the further sum of $127.68, to cover interest thereon for eleven months, at 10 per cent. per annum, upon the security of the lands, and upon a credit of one year from the first day of March then ensuing; and that, in answer to complainant's application, Coffeen offered to comply therewith, upon condition that complainant should take a further sum of $120, to provide for and pay off an account of that amount, claimed to be due and owing to the firm of Coffeen & Groenendyke, and permit Coffeen to see to the proper application of the money so to be loaned, for the purposes aforesaid, to wit: to pay the redemption money upon the sales, and procure the certificates of redemption, and to pay the account and° obtain a release thereof, which offer, on the part of defendant, Coffeen, was accepted by complainant upon those conditions, whereupon it was agreed that defendant should loan complainant the sum of $1,640.82 for one year, from the 1st day of March, 1860, and that complainant should make and deliver to Coffeen a mortgage on this land to secure the payment.

The bill further alleges that Coffeen further agreed, upon the execution of the papers by complainant, he would procure and place on record the necessary certificates of redemption from the sale; and that, in pursuance of this agreement, the attorney of Coffeen was engaged to draw the papers, and that, under the direction of Coffeen, he drew a deed absolute on its face for the land, and, at the same time, drew a paper purporting to be a contract between them, which is as follows:

"This agreement, made this 8th day of February, 1860, between Michael D. Coffeen, for himself and Samuel Groenendyke, party of the first part, and Harmon Stevens, of the second part, wit-

nesseth: That the said party of the first part, in consideration of the rent hereinafter reserved, hath leased, remised and to farm let unto the said party of the second part, the N. E. ¼ of section number 16, in Town 18, N. R. 14 W., from this date until the 1st day of March, 1861, with the refusal of purchasing the same at or before that time for the sum of $2,193.15, and, upon the payment of said sum of money by the said party of the second part to the party of the first part, on or before the 1st said day of March, 1861, the said party of the first part binds himself to make and deliver to the said party of the second part, his heirs or assigns, a good and sufficient warrantee deed for the same, free from all incumbrances of the said party of the first part, or any demand (now existing against said premises) of Minor, Andrews and White, and no other, under the penalty of $3,000, and the said party of the second part agrees to keep up the fences around said premises, to pay the sum of one dollar rent on or before the first day of March, 1861, and at that time surrender up the same to the said party of the first part free from injury, and in ordinary repair at the expiration of said term, agreeably to the contract aforesaid.

"April 2d, 1860.

"For value received, I hereby assign unto Otis M. Conkey, all and singular, my right, title, claim or demand in and to the within bond or article of agreement, so far as the same relates to the purchase of the land herein described, and no further; giving and granting him full power to receive said deed herein specified upon a faithful compliance, upon his part, with the conditions annexed, that is to say, upon condition that he pay, or cause to be paid, the said sum herein specified unto the said parties of the first part, on or before the time the same shall become due.

"H. STEVENS,	[SEAL.]
"M. D. COFFEEN & CO.	[SEAL.]

"I hereby assign the above bond to Harmon Stevens, granting him my right to the bond, and no more.

"O. M. CONKEY."

The bill then charges that the sum of five hundred and fifty-two dollars was for the interest on the one thousand six hundred and forty dollars and eighty-two cents, and exceeding ten per cent. was usurious, and he charges that of the sum of two thousand one hundred and ninety-three dollars and fifteen cents, admitted to be due, all over and exceeding the sum of one thousand six hundred and forty dollars and eighty-two cents was usury; and he avers that he executed the deed solely as security for this loan, and upon the representation of the attorney, that the above agreement was a regular defeasance, and of the same effect as though it had been inserted in the deed, and he avers that the deed and agreement were delivered at one and the same time, that is, about the 8th of February, 1860.

The bill then alleges, that sometime thereafter, complainant offered to pay the money loaned, which Coffeen refused to accept, claiming the land as his own, and complainant as his tenant under the above agreement, and charging him with holding over without right, and to enforce this claim as landlord, he brought an action of forcible detainer against complainant, and obtained a judgment, from which complainant appealed to the Circuit Court.

The bill then alleges that since the suit for forcible detainer, complainant has discovered that the certificates of redemption have never been procured by Coffeen, but, on the contrary thereof, Coffeen has taken an assignment of the certificates of purchase held by Minor, Andrews and White, of the lands purchased by them, and that for aught that appears of record, Coffeen and Groenendyke are entitled to a sheriff's deed for the lands purchased by them, as well as of the lands purchased by Minor, Andrews and White, and that Coffeen has omitted to put upon record certificates of redemption from the sales, with the fraudulent intent and purpose of so beclouding the title as to prevent a sale or transfer by complainant of the lands, so that it might and would appear of record that complainant had no right, title or interest therein, but on the contrary that all his right, title and interest had been extinguished by the lapse of the equity of redemption.

After other unimportant allegations, the bill prays as above stated.

The defendant Coffeen denies the allegation of a loan, and taking the land as security, and denies the usury, explaining in what manner the sum was made up, whose answer the heirs of Groenendyke adopt as their own. A replication was filed.

No evidence is preserved in the record except as to the value of the land.

The cause was heard at the August Term, 1862, and the following entry made by the judge on his docket:

" Decree, that on payment of amount due defendants, with interest and costs, by first day of next term, defendants to convey land in controversy to complainant, and injunction made perpetual. On failure to make said payment, bill to be dismissed at cost of complainant, and injunction dissolved—' continued.' "

At the December Term, 1862, the defendants, by their solicitors, moved the court that the above decree be entered and enrolled *now* for *then*, which the court allowed, and the following decree was entered *nunc pro tunc :*

" And now come the said parties, by their solicitors, and the said cause is now submitted to the court upon bill, answers and replication, and upon written and oral proofs, and the said court having considered the same, doth find that the said complainant was, previous to the month of February, in the year 1860, indebted to the said firm of M. D. Coffeen & Co., and Minor, Andrews and White ; that judgments were obtained on the same in the Champaign Circuit Court thereon, the 23d day of March, 1859 ; that the following lands of him, the said orator, were sold to satisfy the same in manner following, that is to say, the N. W. quarter of the N. E. quarter of section sixteen, in township eighteen, north of range fourteen west, was sold by the sheriff of Champaign county to Michael D. Coffeen and Samuel Groenendyke, for the sum of $396.83, and

that the residue of said quarter section of said land, being three-fourths thereof, was sold to J. D. Minor, A. H. Andrews and William M. L. White, for the aggregate sum of $995.94, that is to say, for the sum of $331.98, the whole amount of said sales being $1,392.77.

"That to redeem said lands from said several sales, the said complainant applied to the defendant, Michael D. Coffeen, for the loan of a sum of money sufficient so to redeem the same; that it was agreed by the said complainant and the said Coffeen that the said Coffeen should advance the money necessary to redeem said lands from the said sales, made to the said Minor, Andrews and White as aforesaid; that to secure the said money so advanced, amounting to the sum of $1,090.95, and to redeem said land also from the sale made to the said M. D. Coffeen & Co., on their said execution, amounting to the sum of $436.51, and also to secure the payment of the further sum of $431.02, then due and owing from the said complainant to the said M. D. Coffeen & Co., in and upon account, and also the further sum of $134.67 for the use and occupation of said land, he the said complainant should make and execute, and he did make and execute to the said defendant the deed in said complainant's bill mentioned; and the said court doth further find that the said deed of conveyance from the said complainant to said defendant, Michael D. Coffeen, made as aforesaid, though absolute on its face, was made to secure the payment of the said several sums above named, amounting in the aggregate to the sum of $2,093.15.

"It is therefore ordered and decreed that the said deed be taken and held as a mortgage, and not as an absolute and unconditional conveyance of said lands; that complainants pay to the said defendant on or before the first day of the next term of this court, the said sum of $2,093.15, with interest thereon, from the 8th day of February, 1860, at the rate of six per cent. per annum, and that, on the payment of said sum of money and said interest by the said complainant to the said defendant, the defendants make, execute and deliver unto the said complainant a deed for said land with special warranty

only, and that the defendant be perpetually restrained from claiming title thereto ; that in default of the payment of said sum of money directed to be made as aforesaid, at the time limited for the payment of the same, the injunction herein be dissolved, and that the said bill of said complainant be dismissed at the cost of the said complainant.

"And it appearing also to the satisfaction of the court that the said complainant hath failed to pay to the said defendant the said sum of $2,093.15, and interest thereon, on or before the first day of the present term of this court, according to the requirements of the said decree heretofore rendered herein, it is ordered that the injunction heretofore granted herein be and the same is dissolved, the said complainant's bill herein be dismissed, and that the said complainants pay the said defendants their costs and charges by them in this behalf expended."

To reverse this decree, the cause is brought here by writ of error and various errors are assigned. We shall notice those only on which the plaintiff in error has made his principal points and argument.

The first point he makes is, that the court had no power, at the December Term, to enter the decree in conformity to the minutes made at the August Term preceding.

The complaint is, that the plaintiff in error could not know, until a formal decree was entered and enrolled, what his duty and obligation was, or how to discharge the same.

The answer to this is, that the informal decree of the court was in his favor, and that it was the duty of complainant to see that it was in proper form and duly enrolled—the substance was furnished by the minutes of the court.

We believe the invariable practice in this State has been for near half a century, for the solicitor of the party in whose favor a decree is pronounced, to write it out in due form and submit it to the judge who indorses his approval upon it, which is the authority to the clerk to enrol it, or enter it upon the record. If this duty has been neglected by the plaintiff's solicitor, having the necessary *data*, he has no right to complain, or to claim

indulgence therefrom. If the plaintiff in error could know, at August Term, by an inspection of the minutes of the court, the extent of his rights and obligations, if he knew the amount to be paid by him to the defendant, and the time at which it was to be paid, then his duty was plain. Did the minutes on the judge's docket afford the necessary *data* from which to prepare a decree?

On the authority of the case of *Smith* v. *Trimble et al.*, 27 Ill. 152, we are constrained to say, they did not. They do not specify any particular sum as found due by complainant to defendant, so that it would have been impossible for the complainant's solicitor to prepare a formal decree. He could not know that the court had found the whole sum claimed by defendant as the sum due. Complainant claimed that a large portion of that sum was usury. The real amount due according to complainant's estimate, and that claimed by the defendant, varied in amount very considerably. It was for the court to state the precise amount found to be due, and should have left nothing to computation.

But the decree entered at December Term is formal and precise as to the amount due, and how made up, but the objection to that is, no time was given complainant in which to redeem.

If there was no full decree at August Term, and there was not, then entering a decree *nunc pro tunc* at December Term, at which term the time limited for the payment of the money had expired, was a delusion, the only valid decree having been pronounced at December Term, the court, in the same breath, took from him all benefit of the decree, by dissolving the injunction and dismissing the bill. It would be but equitable, that some short time should have been allowed complainant, after the formal entry of a full decree, in which to pay the money. The decree of August Term, not finding any specific amount due, was erroneous, and if made perfect by the entry at December Term, some short time should have been given complainant from and after that term.

Another objection is made to the decree, that compound interest is allowed against complainant. We do not view the

finding in that light. If the sum of two thousand ninety-three dollars and fifteen cents was the amount due on the day of the date of the deed and agreement, then interest was properly computed upon that sum to the day of entering the decree, and the decree should bear interest from the date of its entry.

The remaining point is, that the sum allowed for the rent of the premises greatly exceeded the amount agreed to be paid by the contract. By the contract, the rent reserved was fixed at one dollar only, up to March 1, 1861. There is no proof in the record that defendant was entitled to any more. If one agrees to pay another a specific sum as rent for the use and occupation of premises, all the proof in the world that the premises were worth one hundred-fold more, would be of no avail. The contract must control. It is not like the case of proving the consideration of a deed. In such case, a party may show a greater or different consideration than the one expressed in the deed. *Kimball* v. *Walker et al.* 30 Ill. 482.

It is unnecessary to examine other points made by the plaintiff in error. The decree must be. reversed, for the reasons we have given, and the cause remanded for further proceedings consistent with this opinion. The court must exercise its own discretion as to the time to be allowed, whether sixty days or more, in which the plaintiff shall pay the amount to be found due to the defendant.

*Decree reversed.*