RICHARD J. OGLESBY ET AL., EXECUTORS,
v.
STEPHEN A. FOLEY ET AL.

*Decree in Chancery—Forgery of—Duty of Prevailing Party to See De-*
*cree Properly Enrolled—Fraud of Master—Estoppel.*

1. While a decree in chancery is the act of the court, the prevailing party is charged with the duty of seeing that it is properly enrolled. So *held*, where a master was enabled, by a forgery of a portion of a decree under which he sold certain property, to sell notes received as part payment therefor, and embezzle part of the proceeds. The heirs to whom the property belonged upon the case presented, had no remedy against the innocent purchasers of the notes, none of such heirs being minors.

2. Where the heirs received money from the master, which they must be presumed to have known was obtained by the master under that portion of the decree which was forged, the principles of estoppel and ratification would operate to debar them of any right of recovery against the buyers of, or the makers of the notes.

[Opinion filed April 11, 1892.]

IN ERROR to the Circuit Court of Logan County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. E. D. BLINN, for plaintiffs in error.

Messrs. BEACH & HODNETT, for defendants in error.

MR. JUSTICE BOGGS. This was a bill in chancery filed in the Circuit Court of Logan County by the plaintiffs in error against the defendants in error. The plaintiffs, Gillette, Littler and Oglesby sue as executors of the last will of John D. Gillette, deceased. The bill alleges that John D. Gillette, deceased, and Robert B. Latham, were sureties upon the official bond of Wilford D. Wyatt, master in chancery of Logan County. That in the case of Polly Rommell v. Catherine Rommell, being a bill for partition of the lands belonging to the parties, a decree was rendered ordering said

Wyatt as such master to sell the premises involved, at pub-
lic sale, for one-third cash in hand, balance in equal pay-
ments, due in one and two years, with seven per cent inter-
est, but that said master, after the decree had been signed
and approved by the court and filed with the clerk, forged
and added the following words to the decree: "It is further
ordered that said master have, and leave is hereby given, to
sell and assign the notes executed to secure the deferred
payments at their face value and distribute the proceeds,"
and that the decree, with such forged addition, was entered
of record by the clerk as the decree of the court. That the
master, by virtue of the decree, sold the land and for the
deferred payments received two notes given by Peter
Ophardt and Christian Fink, each for $2,500, due in one and
two years from their date, which were secured by mortgages
on the land sold. The bill avers that the said master sold
and assigned each of said notes to Stephen A. Foley and
Ira Davenport and paid only a portion of the money re-
ceived for the notes to the Rommell heirs and embezzled
the remainder. The bill further alleged that said John D.
Gillette, deceased, and Robert B. Latham, as sureties for the
master, were required and did pay to the Rommell heirs
the remainder due them and received from such heirs an
assignment of their rights and claims in the matter. It is fur-
ther alleged that Fink and Ophardt paid their notes to Foley
and Davenport. The prayer of the bill is that the assign-
ment of the notes by the master be decreed null and void
and that such notes and the mortgages securing them be
decreed to be in full force and be foreclosed, and that
Fink and Ophardt be decreed to pay the complainants
the amount paid by them on such note, less the sum paid
by the master to the Rommell heirs out of the moneys
received by the sale of the notes, and that the complainants
be subrogated to all the rights of the Rommell heirs. At-
tached as exhibits to the bill are copies of the notes and
mortgages and of the assignment of the Rommell heirs.
A general demurrer was presented to the bill and sustained
by the court. The plaintiffs in error refused to amend and

the court decreed that the bill be dismissed, to reverse which decree this writ of error is prosecuted.

The purchasers of the notes bought under a decree which upon its face authorized the master to thus dispose of them. They purchased in good faith and without knowledge of the alleged forgery. While a decree is the act of the court the prevailing party is charged with the duty of seeing that it is properly enrolled. Stevens v. Coffeen, 39 Ill. 148; Freeman on Judgments, Sec. 77; McRanney v. Coultrer, 39 Miss. 390. Had they performed this duty the alleged forgery would have been discovered. We think that as against the buyers of the land and the purchasers of the notes, the Rommell heirs are bound by the decree as enrolled. The decree of sale was for the benefit of all of the Rommell heirs, and the duty of seeing that the decree was correctly spread of record devolved upon all of them. It is not averred in the bill that they did not know of the alleged forgery or that any of them were minors. It is, however, averred that these heirs accepted from the master a portion of the money received from the sale of the notes. Whether they knew that the money came from that source is not disclosed by the bill, but it is manifest that they did know they were not entitled to receive money before the maturity of the notes unless they knew that the decree authorized the master to dispose of the notes by sale of them. Taking the bill most strongly against the pleaders it is to be presumed that the Rommell heirs received this money knowing it was not due to them under the terms of the sale but that it had been obtained by the master in the manner authorized by that portion of the decree which is said to have been forged. Under such circumstances the principles of estoppel and of ratification would operate to debar the Rommell heirs of a right of recovery against the buyers or makers of the notes. No equities existed in their favor to inure by subrogation to the plaintiffs in error and they had no claims or demands against the makers or purchaser of the notes to assign to the plaintiffs in error.

The decree of the Circuit Court dismissing the bill was correct and must be affirmed.        *Decree affirmed.*