BERTHA HORN *et al.* Defendants in Error, *vs.* HERMAN HORN *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1908—Rehearing denied June 3, 1908.*

1. JUDGMENTS AND DECREES—*presumptions are in favor of judgments of courts of general jurisdiction.* A city court is a court of general jurisdiction within the limits of the city, and parties in favor of whom its judgments and decrees are rendered are entitled, on collateral attack, to the benefit of the presumption that it had jurisdiction to render the decree, until the contrary appears.

2. SAME—*the party attacking decree collaterally must overcome presumption of jurisdiction.* Where the jurisdiction of a court of general jurisdiction is attacked collaterally upon the alleged ground that the decree was rendered at the same term the bill was filed, the party attacking the decree must overcome the presumption in favor of the judgments and decrees of courts of general jurisdiction; and unless it appears the court was without jurisdiction it matters not that the decree was erroneous.

3. SAME—*when court will not be presumed to have rendered a decree without jurisdiction of parties.* Where it appears from a decree that the court appointed a guardian *ad litem,* who answered for the infant defendants, it will not be presumed that the court entered the decree without first obtaining jurisdiction of the parties for whom such guardian was appointed, even though the decree says nothing about service of process.

4. SAME—*decree is not final until filed for record.* While in a proper sense there is no filing of a decree any more than there would be a filing of a judgment, yet under our practice of having the decrees prepared by the solicitor and approved by the chancellor a decree is not final until it is approved and filed for record; and it is the recorded decree, and not the draft thereof, that is the decree of the court.

5. LIMITATIONS—*when seven year Statute of Limitations is no defense.* Where a bill in chancery prays that the interest in land inherited by the defendants from their mother be conveyed to the complainant, and the decree and master's deed operate upon such interest only, the seven year Statute of Limitations cannot be interposed by the complainant or his grantees as a defense to the assertion of an interest in the same land inherited by the defendants from another source before the bill was filed.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

TREESH & BOYLE, for plaintiffs in error.

E. W. EGGMANN, B. H. CANBY, MARTIN D. BAKER, and R. H. FLANNIGEN, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Bertha Horn, one of the defendants in error, second wife and widow of Gustav A. Horn, filed her bill in the circuit court of St. Clair county asking to have her homestead set off and her dower assigned in certain property in East St. Louis which she alleged her husband owned in fee simple at the time of his death, on July 15, 1906. Among the pieces of property in which she claimed dower was lot 12, in block 175, of the town (now city) of East St. Louis. Among the defendants to the bill were the plaintiffs in error, five of the children and heirs-at-law of Emilie Horn, the first wife, and they answered the bill, denying that their father, Gustav A. Horn, was the owner of said lot or that the complainant was entitled to dower or any other interest therein. The answer set forth the fact that Gustav A. Horn had filed a bill in the city court of East St. Louis in 1888 and obtained a decree of said court, under which a master's deed was made purporting to vest in him the interest which plaintiffs in error and their brother, Charles A. Horn, in-

herited from their mother, Emilie Horn. They alleged that they were minors at the time the bill was filed and the decree rendered; that they were never served with process; that the decree was rendered at the same term at which the bill was filed, and that the city court had no jurisdiction over them. The Illinois State Trust Company and Fred W. Kraft, two of the defendants in error, answered the bill, alleging the ownership of the lot by Gustav A. Horn and the execution of a trust deed to said company to secure Fred W. Kraft in the sum of $10,000, with interest. Three children of the second marriage with Bertha Horn, who were minors, were defendants and answered by their guardian *ad litem.* The Illinois State Trust Company filed its cross-bill to foreclose the trust deed to secure Kraft, and plaintiffs in error answered that bill by setting out the facts alleged in their answer to the original bill. Plaintiffs in error then filed their cross-bill, alleging that their mother, Emilie Horn, was the owner at the time of her death, in 1886, of the lot in question; that she left Gustav A. Horn, her husband, and nine children, her heirs-at-law; that three of the children died in infancy, and that Charles A. Horn, one of the surviving children, had conveyed his interest to one of the plaintiffs in error. The cross-bill alleged the same state of facts respecting the suit in the city court of East St. Louis as the answer, and the prayer was that the decree of said city court be set aside, that the deed of the master in chancery pursuant to that decree be canceled and the trust deed securing Kraft be declared not a lien on the title of plaintiffs in error. That cross-bill was answered by all the defendants to the same, alleging the jurisdiction of the city court and the validity of the decree, and setting up the statutes of limitation of twenty years and seven years, respectively. Gustav A. Horn left a last will and testament, of which Charles A. Horn was executor, and the widow, Bertha Horn, had renounced the provisions of the will for her benefit. The executor filed his cross-bill, setting up said

will, which provided that he should sell the testator's real estate, and he prayed to be allowed to make the sale in case one should be decreed. Replications were filed to all answers and the cause was heard by the chancellor. A decree was entered finding that Gustav A. Horn was seized of the real estate described in the bill, including said lot; that Bertha Horn, complainant in the original bill; was entitled to homestead in other property and dower in this lot, and that the trust deed was a valid lien. By the decree the defense under the Statute of Limitations of seven years was also sustained, and the court found that plaintiffs in error had been of age more than three years prior to the filing of their cross-bill. The executor was authorized to sell the property and pay the costs and the amount due on a mortgage on the homestead and the trust deed on this lot, and to bring the remainder of the proceeds into court. The cross-bill of plaintiffs in error was dismissed for want of equity. A writ of error was sued out of this court to review the decree.

The evidence showed the following state of facts: Emilie Horn held the legal title to the lot in question and died in 1886, leaving Gustav A. Horn, her husband, and nine children, her heirs-at-law. Three of the children were infants born at the same time and about a week old, and they died a few days after their mother, leaving their father and the other six children their heirs-at-law. Charles A. Horn, one of the children, has conveyed his interest to his brother Theodore Horn. The January term of the city court of East St. Louis convened on January 2, 1888, and on January 9 Gustav A. Horn filed his bill in that court against his children, who were minors under the age of sixteen years, praying that the interest which said children had inherited from their mother in this lot be conveyed to him. He alleged in his bill that in 1877, nine years before the death of his wife, he was in poor health, and not expecting to recover made a deed of his property to his wife, in-

cluding an undivided one-half interest in this lot, under an agreement with her that in case of his death it was to be her property but in case of his recovery she would re-convey it to him; that on March 2, 1877, he and his wife joined in a conveyance to John Palish of the undivided one-half of the lot, and on May 10, 1879, Palish conveyed the same to the wife, Emilie Horn, both deeds expressing a consideration of $800; that on August 7, 1885, the owners of the other undivided one-half conveyed their interest to Emilie Horn for a consideration of $550; that he paid the other owners for the other undivided one-half of the lot, and that after he recovered his health his wife requested him to have deeds made re-conveying the property, but it was neglected until after her death. He claimed that by reason of the agreement and understanding with his wife he was entitled to a re-conveyance of the lot. The original bill was offered in evidence and was torn or damaged so that the prayer for process did not show when the summons was to be returnable, but enough words remained to show that it was to be at the next term, which was in April. There was a decree entered granting the relief prayed for, finding that the complainant, Gustav A. Horn, was entitled to the interest of his said children as heirs-at-law of his deceased wife, Emilie Horn, and directing the master in chancery to execute a deed conveying the same. The decree had no date and did not show service of process, but recited that the cause was heard upon the bill of complaint, the answer of the guardian *ad litem,* replications and proof taken and evidence heard. No summons was found nor any other paper pertaining to the case except the original draft of the decree, marked filed May 18, 1888. The draft of the decree was preceded by the following caption: "At a term of the city court of East St. Louis, county of St. Clair, State of Illinois, in and for said city, at the court house in said city, on the 2d day of January, 1888." The decree was recorded by the clerk without that caption and not under any date, on page 286

of the chancery record. That record recites the convening
of the court for the January term on page 280, and the con-
vening of the court for the April term, which was the next
term, appears on page 289. The building containing the
files and records of the city court was partially destroyed by
a cyclone in 1896, and in 1903 the basement of the building
where the court documents were stored was flooded and the
dockets were scattered and lost. The judge's dockets upon
which the minutes were kept could not be found, and the
only evidence in this record consists of the original bill, the
draft of the decree and the record. The draft of the decree
was filed during the April term, and as recorded shows the
same file-mark. The master in chancery made a deed pur-
suant to the decree, reciting the decree as being entered at
the January term, and the deed was dated and acknowledged
on May 18, 1888. Plaintiffs in error lived with their father
at the time he filed the bill against them and for some years
afterward, and they never knew the condition of the title,
or that their mother had owned the lot, or that there had
been a decree and master's deed, until 1906.

This is a collateral attack upon the decree of the city
court and not a direct proceeding questioning the jurisdic-
tion of the court for want of service. The jurisdiction is
disputed upon the ground that the decree was entered at
the same term of court during which the bill was filed, and
if that is so, the city court had no jurisdiction over plaintiffs
in error. To establish the fact alleged it was necessary for
the plaintiffs in error to overcome the presumption which is
always indulged in favor of the jurisdiction of courts of
general jurisdiction when acting within the scope of their
authority. The city court of East St. Louis was a court of
general jurisdiction within the limits of the city, and de-
fendants in error are entitled to the benefit of the presump-
tion that it had jurisdiction to render the decree until the
contrary appears. (*Knowlton* v. *Knowlton,* 155 Ill. 158;
*Huntington* v. *Metzger,* 158 id. 272; *Cassell* v. *Joseph,* 184

234—18

id. 378.) All intendments are in favor of the judgments
and decrees of such courts, and it matters not how errone-
ous they may be, unless it appears that the court was with-
out jurisdiction. The decree says nothing about service
of process, but it does appear that a guardian *ad litem* was
appointed, who answered for the infant defendants, and it
will not be presumed that the court appointed a guardian
*ad litem* without first obtaining jurisdiction of the parties
for whom he was appointed. Neither the draft of the de-
cree nor the record shows any day of any term upon which
the decree was rendered, and the only indication in that re-
spect from the draft of the decree, aside from the caption,
is the date of the filing. In a proper sense there is no filing
of a decree any more than there would be a filing of a judg-
ment, and the draft made for the guidance of the clerk is
not the decree of the court. In ordinary judgments follow-
ing a fixed form the clerk writes the record, but in decrees
fixing the rights of parties and giving relief in chancery it
has always been the practice in this State for the solicitor
who obtains the decree to write it out and when approved
by the chancellor it is recorded. It has never been the prac-
tice or regarded as the duty of the clerk to draw decrees in
chancery, but only to record them when drawn by the solici-
tor in whose favor the decree is pronounced and approved
by the chancellor; and such approval is authority to the
clerk to enter the decree of record. (*Stevens* v. *Coffeen,* 39
Ill. 148; *Schneider* v. *Seibert,* 50 id. 284; *Hughs* v. *Wash-
ington,* 65 id. 245.) It is not necessary that the decree
should be signed by the chancellor, but its entry on the rec-
ord by the clerk gives it validity. (*Dunning* v. *Dunning,* 37
Ill. 306.) A decree is not final, but is subject to change or
modification until it is approved and filed for record. The
filing of the decree in this case was during the April term,
and it could not have been entered by the clerk until after
it was filed. The recital of the convening of the court for
the April term was not entered until after the decree was

filed, on May 18. When the clerk recorded the decree he left off the caption of the January term, which raises an inference that he knew it to be a mistake of the person who wrote it. All that can be said in this case is, that there was great irregularity in the manner in which the records were kept by the clerk as well as carelessness by the person who wrote the decree. It is not made clear that the decree was, in fact, rendered at the January term, and we do not regard the evidence as overcoming the presumption of law in favor of jurisdiction.

The bill filed by Gustav A. Horn only asked that the title which the defendants in that bill inherited from their mother should be decreed to him. The decree only granted that relief and the master's deed purported to convey only that interest. Neither the prayer of the bill, the decree nor the deed included the interest inherited from the three children who died after their mother and who had inherited one-third from her. They left their father and the six other children as their heirs-at-law, the father taking two shares and each of the children one share. The father took one-twelfth and each surviving child one-twenty-fourth, and the interest of the children is still vested in plaintiffs in error and is not subject to dower nor the lien of the trust deed.

The court erred in sustaining the defense under the seven year statute of limitations, for the reason that there was no color of title to the interest inherited from the infant children. No defense was shown under the twenty year statute of limitations.

The decree is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.                    *Reversed and remanded.*