## Bertha R. Cherry, Appellee, v. Chicago Life Insurance Company and Federal Life Insurance Company, Appellants.

### Gen. No. 20,509.

1. JUDGMENT, § 661*—*what is sufficient copy of judgment sued on.* In an action on a foreign judgment, an instrument attached to the declaration entitled: "Copy of instrument sued upon," which purported to be a copy of the judgment of the foreign State and of the judgment of the Appellate Courts in such State, was within the requirement of Rev. St. ch. 110, par. 32, J. & A. ¶ 8569, though not authenticated as required by the Act of Congress (U. S. Rev. St. Tit. 13, ch. 17, § 905), since such act is concerned with the admissibility of evidence of a judgment of another State.

2. JUDGMENT, § 661*—*what must be shown in action on foreign judgment.* In an action on a foreign judgment it is not necessary to attach to the declaration copies of the proceedings in the courts of the foreign State.

3. JUDGMENT, § 661*—*what allegations are necessary in suit on foreign judgment.* In an action on a foreign judgment it is not

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

necessary to allege in the declaration the jurisdiction of the courts of the foreign State.

4.  JUDGMENT, § 578*—*when foreign judgment is res adjudicata as to particular·matter.* In an action on a foreign judgment, where the issue of jurisdiction of the parties was raised and adjudicated after full hearing in the courts of the foreign State, the judgment of such foreign State is *res adjudicata* upon the jurisdictional questions raised and adjudicated there, and such questions cannot be raised again in a suit on the judgment.

Appeal from the Superior Court of Cook county; the Hon. CLAR-ENCE N. GOODWIN, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed December 21, 1914. Rehearing denied January 4, 1915.

DUNCOMBE & BEHAN, for appellant Chicago Life Insurance Company.

CHARLES A. ATKINSON and CHILTON P. WILSON, for appellant Federal Life Insurance Company.

ATWOOD, PEASE & LOUCKS, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff brought suit in the Superior Court of Illinois on a judgment recovered in the State of Tennessee against these defendants, and had judgment here. Defendants have appealed.

The declaration alleged the recovery of a judgment by plaintiff against both defendants in the Circuit Court of Chester county, Tennessee; that thereafter defendants sued out a writ·of error from the Court of Civil Appeals of Tennessee to revise and correct the said judgment, and that the Court of Civil Appeals affirmed the judgment of the lower court and entered judgment for plaintiff against defendants for a certain sum of money and costs; that thereafter defendants filed a petition for certiorari in the Supreme Court of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Tennessee to review the judgment of the Court of Civil Appeals; that the cause was heard by the Supreme Court and that it was adjudged that said "writ of certiorari" be dismissed. Attached to the declaration is an instrument entitled: "Copy of instrument sued upon," which purports to be a copy of the judgment of the Circuit Court of Chester county, Tennessee, and of the judgment of the Court of Civil Appeals and of the Supreme Court. One of the points urged by defendants is that this is not a copy of the instrument sued on, as required by the Illinois statute (paragraph 32, chapter 110, J. & A. ¶ 8569) to be attached to the declaration, because it is not authenticated according to the Act of Congress (title 13, chapter 17, sec. 905, R. S. U. S.). We hold that the copy attached to the declaration is within the requirement of our statute; the Act of Congress is concerned with the admissibility of evidence of a judgment of another State. Neither is it necessary, as is suggested, to attach to the declaration copies of all the proceedings in the Tennessee courts. This suit is not upon the proceedings or upon any certificates of exemplification, but upon the judgment.

It was not necessary for plaintiff in her declaration to allege jurisdiction of the courts of Tennessee. *Rae v. Hulbert,* 17 Ill. 572; Black on Judgments, section 875.

The substantial question presented has to do with the jurisdiction of defendants by the Tennessee courts. This issue was raised by appropriate pleadings in the case in the Circuit Court of Chester county, and there it was adjudged that the court had jurisdiction of the defendants. Defendants then sued out of the Civil Court of Appeals of Tennessee a writ of error seeking to revise and correct the judgment of the Circuit Court. Upon hearing, the Civil Court of Appeals considered a transcript of the record from the Circuit Court, which included the evidence, and rendered an opinion

discussing at length the question of jurisdiction and affirming the judgment of the lower court and entered a judgment for plaintiff against the defendants. Subsequently the Supreme Court by its order found that the Circuit Court did have jurisdiction of the defendants, and ordered the writ of certiorari dismissed and entered judgment for costs. There can be no doubt that the question of jurisdiction was adjudicated in the Tennessee courts, on a writ of error sued out by themselves.

The claim of defendants is that regardless of this adjudication they may raise the same question whenever and wherever in any other State than Tennessee suit is brought on this judgment. After an examination of the cases cited in support of this claim, we have found none directly in point. The decisions cited by defendants have to do with cases where the court entering judgment assumed jurisdiction but did not expressly consider or pass upon the question of its jurisdiction, or where there is a mere recital in the judgment rendered by the court of another State that it did have jurisdiction, and it was held in *Forsyth v. Barnes,* 228 Ill. 326, that this mere recital would not prevent the courts of another State from inquiring into the question of jurisdiction. Other of the decisions discuss the question whether a court of appellate jurisdiction is precluded from inquiring into the question of jurisdiction of the lower court by the fact that defendant may have filed a special appearance to contest the point of jurisdiction, and when defendant's contention was overruled filed an answer to the merits of the case. Such a case is *Harkness v. Hyde,* 98 U. S. 476. The case before us manifestly does not fall within any of these classes, for we have here a case where the issue of the jurisdiction of the parties was raised and adjudicated after full hearing,—all of which appears from the proceedings in this case and not merely as a matter of recital. As against the posi-

tion of defendants we find a statement in 2 Black on Judgments, sec. 901, which meets with our approval:

"Before leaving this point it is necessary to remark that there is good authority for the proposition that if it appears affirmatively from the record of the judgment, and *as a matter of adjudication,* that the defendant had legal notice of the suit or duly authorized an appearance to be entered for him, then he is no longer at liberty to allege a want of jurisdiction. The reason of this is obvious. In such a case, the question of jurisdiction would be one of the grounds of defense to the original action, there set up and adjudicated, and of course equally concluded with any other defense. And hence the principle which forbids a re-examination of the merits of the controversy would apply."

In accord with this is the decision in *Van Matre v. Sankey,* 148 Ill. 536, where the Court says, on page 553: "It having been determined, upon direct proceeding, by the court of last resort of the State in which the decree was rendered, that the court of common pleas had jurisdiction to enter the decree, we are required to give it full faith and credit." And in *Chicago Title & Trust Co. v. National Storage Co.,* 260 Ill. 485, the Court, in discussing the adjudication of a jurisdictional question by another court, used the following language:

"An estoppel by verdict is but another branch of the doctrine of *res judicata,* and it rests upon the same principle of law,—that is, that a matter once litigated between parties to a final judgment in a court of competent jurisdiction cannot again be controverted. When this doctrine is applied to a single question or point arising in the course of litigation which has finally been adjudicated it is designated as an estoppel by verdict, and the same question or point cannot again be litigated between the same parties in the same or any other court at law or in chancery, and neither party, nor their privies, will be permitted to allege anything inconsistent with the finding upon that question. * * * The doctrine of estoppel by verdict

Corp. Service Co. v. Bolger, Mosser & Willaman, 190 Ill. App. 75.

applies to questions arising upon an issue as to the jurisdiction of the court as fully and completely as to questions arising upon the trial of a cause upon its merits, and is not affected by the circumstance that the court may ultimately determine that it can go no farther.''

Other cases holding to the same effect are *Napier v. Gidiere* (S. C.), 40 Am. Dec. 613; *Waldo v. Waldo*, 52 Mich. 94; *In re Wrisley*, 126 Mich. 109; *McClure v. Paducah Iron Co.*, 90 Mo. App. 567; *Kinnier v. Kinnier*, 45 N. Y. 535. The reasons given in support of the decisions in these cases seem to us conclusive against defendants' contention, and we are of the opinion that the judgment of the Tennessee courts is *res judicata* upon the jurisdictional questions which were directly raised and adjudicated there, and that therefore it was not error for the court below to refuse to go into that question.

Other points made are without merit, and the judgment is affirmed.

*Affirmed.*