## Laura E. Dupee Blakeslee, Appellant, v. Romain Blakeslee, Appellee.

### Gen. No. 24,536.

1. DIVORCE, § 68*—*when bill attacking decree in foreign State is defective.* A bill attacking a decree of divorce rendered in another State, on the ground of false representations, perjury and deception, is defective where it does not contain a copy of the bill of complaint in the foreign court, the answer thereto, the findings of the court and its decree.

2. COURTS, § 60*—*when foreign court presumed to have jurisdiction to render decree.* A court of general jurisdiction of a foreign State is presumed to have jurisdiction to render the decree it pronounces, and its decree should not be held void on the ground that it was deceived and misled, unless the evidence is of such a satisfactory character as to exclude any other reasonable conclusion.

3. JUDGMENT, § 454*—*when question of jurisdiction res adjudicata.* Where the question of jurisdiction is raised in proceedings in the courts of another State and there adjudicated, such decision becomes *res adjudicata* of the question.

4. DIVORCE, § 68*—*when foreign decree conclusive on questions of residence and jurisdiction.* Where the questions of residence of the complainant in a divorce proceeding in another State and the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

jurisdiction of the court over grounds of divorce based on acts committed outside the State were presented to such court and determined by it, its decision is *res adjudicata* in a proceeding for separate maintenance in this State attacking the validity of the foreign decree.

Appeal from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed January 27, 1919.

STEDMAN & SOELKE, for appellant; SWAN M. JOHNSON, of counsel.

RICE, LOWES & O'NEIL, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

Complainant, filing her bill and amendments asking for separate maintenance and other relief, was met by a demurrer which the trial court sustained and ordered the bill as amended dismissed for want of equity. From this order complainant appeals.

The bill asserts that the defendant, by false representations, perjury and deception, had obtained a decree of divorce from complainant in the Second Judicial District Court of the State of Nevada in and for the County of Washoe, and she prayed that our Circuit Court review this decree and order it set aside, annulled and held for naught.

It seems to be recognized that if the decree of divorce of the Nevada court is valid, complainant would not be entitled to separate maintenance for the manifest reason that the marriage relation between the parties did not exist.

A technical objection of merit is made against complainant's bill in that it does not contain, either in the body of the bill or attached thereto, a copy of the bill of complaint in the Nevada court, or the answer thereto or the findings of that court and its decree. It has been held in *Traeger v. Mutual Building & Loan Ass'n,* 189 Ill. 314, that:

"In a bill brought to review a decree it is necessary to set out the bill, answer and decree in the former proceedings, and the particulars in which the party exhibiting the bill of review conceives himself aggrieved by it. When the substance, only, of the former proceeding is stated, a copy thereof should be attached to the bill. A mere skeleton of the record to be reviewed will not suffice."

See also, *Axtell v. Pulsifer*, 155 Ill. 141.

Can the decree of divorce entered by the Nevada court be impeached? The general rule is that a court of general jurisdiction of a foreign State is presumed to have jurisdiction to render the decree it pronounces, and that its decree should not be held void on the ground that it was deceived and misled, unless the evidence is of such satisfactory character as to exclude any other reasonable conclusion. *Knowlton v. Knowlton*, 155 Ill. 158; *Horn v. Horn*, 234 Ill. 268.

It is urged by complainant that the Nevada court did not have jurisdiction of the parties nor the subject-matter. As far as the complainant is concerned, she appeared in the proceedings in the Nevada court, filing her answer to her husband's bill and participating in the hearing. She also took an appeal from the decree of the District Court to the Supreme Court of Nevada and submitted her controversy to that court, where after consideration the decree was affirmed.

It is contended, however, that the Nevada court had no jurisdiction of her husband, the complainant in that court. It is the rule that where the question of jurisdiction has been raised in the proceedings in the sister State and there adjudicated, such decision becomes *res adjudicata* of the question. *Van Matre v. Sankey*, 148 Ill. 536; *Chicago Title & Trust Co. v. National Storage Co.*, 260 Ill. 485; *Cherry v. Chicago Life Ins. Co.*, 190 Ill. App. 70; *Forsyth v. Hammond*, 166 U. S. 506.

While complainant's bill before us does not show all the questions which were controverted and determined in the Nevada proceedings, it sufficiently ap-

pears that the question of the right of her husband to maintain his action for divorce in Nevada was there raised, as well as other matters. The bill does show that on the appeal to the Supreme Court it was held that her husband, the complainant there, was a resident of Nevada.

We also have before us the opinion of the Supreme Court of Nevada in that case, *Blakeslee v. Blakeslee,* 41 Nev. 235, 168 Pac. 950. From this it appears that the question of the residence of the complainant husband was in issue and determined by the trial court as a question of fact, which was affirmed by the Supreme Court, which in its opinion said:

"On the question of residence and as to whether the facts supported the good faith of the respondent in his residence within this jurisdiction there is, in our judgment, sufficient in the record to support the conclusion of the trial court in finding affirmatively in this respect."

The above considerations sufficiently support our conclusion that the Nevada court in its proceeding had jurisdiction of the parties.

Although complainant does not seem to press the point, yet it is suggested that the Nevada court had no jurisdiction of the subject-matter or power to grant a divorce, for the reason that the grounds of divorce there asserted were acts committed outside the State of Nevada. It is sufficient to say that in the opinion in the *Blakeslee* case, last referred to, this question was given full consideration and it was there held, supported by many citations, that the courts had power to grant a decree of divorce even where the acts complained of were committed outside the State of the tribunal. This has been held to be the rule in our own State. *Roth v. Roth,* 104 Ill. 35; *Dunham v. Dunham,* 162 Ill. 589.

We see no reason to disagree with the conclusion of the Circuit Court, and its decree is therefore affirmed.

*Affirmed.*