594

## M. F. Snook et al., Appellees, v. Archie H. Shaw and Elizabeth E. Shaw, Appellants.

May term, 1942. Heard in this court at the Opinion filed June 27, 1942. Rehearing denied September 9, 1942.

J. H. CLAYTON, of Johnston City, for appellants.

ISAAC K. LEVY, of Murphysboro, for appellees.

MR. JUSTICE DADY delivered the opinion of the court.

By their complaint in chancery filed on December 21, 1939, plaintiffs sought to secure the correction and reformation of the assignment appearing upon a certain sheriff's certificate of purchase together with the reformation and correction of a sheriff's deed which had been issued under said certificate. In addition to this relief, plaintiffs also asked to be given possession of the premises described in said sheriff's deed.

Defendants first filed a motion to dismiss the complaint, or, in the alternative, to make it more specific, and upon the denial of this motion filed their answer to the complaint, to which plaintiff filed their reply. The case was then heard by the chancellor and at the conclusion of plaintiff's evidence defendants renewed their motion to dismiss. The chancellor denied this motion and when defendants elected to stand upon the motion a decree was ordered in accordance with the prayer of the complaint.

Plaintiffs have filed a motion to dismiss the appeal, which motion we took under advisement with the case. The principal ground raised by plaintiffs' motion is that the present appeal was not filed within 90 days from the date of the entry of the decree in the trial court, as provided by section 76 (1) of the Civil Practice Act. The chronology of the trial proceedings is as follows: The decree was ordered by the chancellor at the conclusion of the hearing which was held on May 15, 1941. The docket entry made on this date was as follows: "Decree in accordance with prayer of complaint. Decree to be submitted." The decree was prepared by plaintiffs' attorneys and was mailed by them to the presiding judge for his signature on May 22, 1941, but was not filed with the clerk until June 18, 1941. On July 14, 1941, and within 30 days after the decree was actually filed, the defendants made a motion to vacate, which motion was denied by the chancellor on October 7, 1941. Notice of appeal was filed on November 15, 1941.

Plaintiffs contend that the 90-day period commenced to run from May 15, 1941, the date when the chancellor ordered the decree. If this is the controlling date, the notice of appeal filed on November 15, 1941, came too late. Defendants argue that the decree was not entered until it was filed with the clerk on June 18, 1941, that the motion to vacate which was filed within 30 days after June 18, 1941, prevented the decree from becoming final until such time as said motion was denied, and that said motion was not denied until October 7, 1941, which was less than 90 days prior to date of the filing of the notice of appeal.

Section 2 of an act in relation to final judgments, decrees and orders, Ill. Rev. Stat., ch. 77, par. 83 [Jones Ill. Stats. Ann. 104.100], provides: "Any . . . decree . . . may hereafter be modified, set aside or vacated prior to the expiration of thirty days from the date of its *rendition* or in pursuance of a motion made within such thirty days . . ." Plaintiffs argue that a decree is rendered within the meaning of the above section when the court pronounces judgment, and that the 30-day period during which a motion to vacate must be filed commences to run from the date when the decree is ordered and not from the date when the decree is filed with the clerk.

Although the rule with reference to judgments at law is that such judgments become effective as soon as they are pronounced by the court, it appears that a different rule is applied to decrees in chancery. This distinction is pointed out in the case of *Horn v. Horn,* 234 Ill. 268, at page 274, wherein the court says: "In ordinary judgments following a fixed form the clerk writes the record, but in decrees fixing the rights of parties and giving relief in chancery it has always been the practice in this State for the solicitor who obtains the decree to write it out and when approved by the chancellor it is recorded. It has never been the practice or regarded as the duty of the clerk to draw decrees in chancery, but

only to record them when drawn by the solicitor in whose favor the decree is pronounced and approved by the chancellor; and such approval is authority to the clerk to enter the decree of record. (*Stevens v. Coffeen,* 39 Ill. 148; *Schneider v. Seibert,* 50 id. 284; *Hughs v. Washington,* 65 id. 245.) It is not necessary that the decree should be signed by the chancellor, but its entry on the record by the clerk gives it validity. (*Dunning v. Dunning,* 37 Ill. 306.) A decree is not final, but is subject to change or modification until it is approved and filed for record." (See also *Cameron v. Clinton,* 259 Ill. 599.)

It is our conclusion that the motion to vacate, which was made within 30 days after the decree was actually filed with the clerk, was made within apt time, and this being the case the decree did not become final for the purpose of an appeal until such motion was disposed of on October 7, 1941, which was less than 90 days prior to the filing of the notice of appeal. (*Lenhart v. Miller,* 375 Ill. 346.)

Plaintiffs also ask that the appeal be dismissed because of the alleged insufficiency of the defendants' abstract and the alleged lack of any assignment of errors in the defendants' brief. The abstract filed by defendants was not sufficient to cover all of the points raised by the present appeal, but plaintiffs in accordance with the rules have filed an additional and corrected abstract of the record which remedies this deficiency. While it is true that defendants have not filed any formal assignment of errors, they have set forth their objections to the decree under the heading of "Theory of the Case." If the errors complained of are sufficiently set forth, it is not necessary that a formal assignment of errors be made. (*Moore v. Monarch Distributing Co.,* 309 Ill. App. 339.) We find no merit in any of the contentions made by plaintiffs in their motion to dismiss and the motion is denied.

Defendants raise two objections to the decree below: (1) That the complaint failed to state a cause of action;

(2) That the decree "does not agree with and fails to support" the complaint, in that the chancellor improperly considered a decision adverse to defendants in a certain chancery case (No. 3757) as being an estoppel by verdict on certain issues herein, although that case was not pleaded by plaintiffs in their complaint.

The complaint is very informal, but, in our opinion, it did inform the defendants of the nature of the claim which they were called upon to meet, and under section 42 (2) of the Civil Practice Act (ch. 110, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.042]) that is the essential test. The defendants filed a lengthy motion to dismiss, but did not specifically point out the defects they argue here, as they were required to do under section 42 (3) of the Civil Practice Act.

We think there is no merit in the second objection. Plaintiffs filed a complaint for reformation and possession. Defendants filed an answer and a counterclaim. The counterclaim claimed the property as the property of the defendants, and asked that the sheriff's sale and deed be set aside and held ineffective for alleged irregularities in the sale. To this answer and counterclaim plaintiff filed what they call a "reply." By paragraph 24 thereof they attempted to answer the counterclaim, and the answer was that all those claims of irregularity in the sheriff's sale had been adjudicated against defendants in chancery case No. 3757 which defendants had theretofore filed against the original judgment creditor (who was also the purchaser at the sale) and against the sheriff who had conducted the sale. This was a proper defense to be pleaded to the counterclaim. Although included in a "reply" it actually was an "answer" to the counterclaim. Section 32 of our Civil Practice Act provides that: "When new matter by way of defense or counterclaim is pleaded in the answer, a reply shall be filed by the plaintiff." Section 43 (4) provides that: "The facts constituting any affirmative defense, such as . . . estoppel . . . and any de-

fense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the . . . defendant's counter-claim, in whole or in part . . . must be plainly set forth in the . . . reply.'' The complaint, when aided by pleadings of the defendants, the statute on Amendments and Jeofails, and by intendment after verdict, is sufficient. These things we may, on appeal, consider to aid the decree. (*Cottrell v. Gerson,* 371 Ill. 174, 179.) In our opinion the defense to the counterclaim was sufficiently pleaded, and the evidence in support thereof was proper for the consideration of the chancellor on that issue. The decree limits its application to that issue.

Considering the length of time this litigation has been before the courts, and the doubtful interest of the defendants in the property, we are not disposed to reverse this case on the theory the pleadings were so vague as not to inform the defendants of the nature of the claim they had to meet.

*Judgment affirmed.*