A. F. Dormeyer, Appellant, v. Titus Haffa and Dormeyer Corporation, Appellees.

Gen. No. 45,821.

 Opinion

filed March 18, 1953. Released for publication April 6, 1953.

JOSEPH KEIG, of Chicago, for appellant.

HENRY POLLENZ, JOHN A. ZVETINA, and SOLOMON B. ROSENZWEIG, all of Chicago, for appellees.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff filed his complaint in equity in the nature of a bill of review, seeking to set aside a decree of the superior court entered on June 29, 1949, alleging that said decree was procured by fraud consisting of testimony falsely given by defendant Haffa. The complaint also alleges that said decree was "based upon perjured pleadings and evidence of the defendant, Titus Haffa." It details some of the facts testified to by Haffa in the original proceeding and now alleged to be false. The instant complaint alleges that the parties entered into a contract, a copy of which is attached to the complaint.

We deem it unnecessary to set out the terms of the agreement appearing in this complaint. The agreement had attached to it a written guaranty signed by defendant Haffa, guaranteeing full and complete performance of the contract in question. The complaint prays that the said decree heretofore entered be set aside and for certain injunctive relief. The injunctive relief sought in the instant case, to restrain the defendants from the use of the name Dormeyer, is the same injunctive relief sought in the original equity action, in which the decree sought to be set aside was entered. The contract set up in the instant complaint and attached to the complaint as an exhibit is the identical contract which this court had occasion to pass upon in

*Dormeyer v. Haffa,* 343 Ill. App. 177, an action between the same parties, which we shall presently discuss.

The defendants filed two motions to strike the complaint—one for reasons appearing upon the face 'of the complaint, assigning grounds why the complaint is insufficient, and the second under section 48, paragraph 1, subparagraph (e) of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, par. 172, subpar. (e); Jones Ill. Stats. Ann. 104.048, subpar. (e)], for matters not appearing upon the face of the complaint, namely, that the cause of action is barred by a prior judgment.

To the second motion to strike was attached an affidavit, not controverted by plaintiff, which set forth that plaintiff in this action filed a complaint in equity and law in the superior court of Cook county, entitled *A. F. Dormeyer, Plaintiff, v. Titus Haffa, Dormeyer Corporation, et al., Defendants,* Case No. 46 S 14444; that plaintiff there sought the same relief which he seeks in this case, and that said action was based upon the identical contract attached to the instant complaint; that upon issue joined and hearing had, a decree was entered dismissing said complaint for want of equity; that an appeal taken by plaintiff from said decree was dismissed by this court; that thereafter the law side of said action in the superior court was tried upon issue joined and a directed verdict of not guilty was returned, upon which judgment was entered against plaintiff; and that an appeal was taken by said plaintiff from said judgment in the law action and decided by this court in *Dormeyer v. Haffa,* 343 Ill. App. 177, in which this court adjudged the said contract sued upon in the instant case against public policy and illegal. The court, upon a hearing of the motions to strike, sustained said motions and dismissed plaintiff's complaint and entered judgment for costs against plaintiff, from which judgment plaintiff prosecutes this appeal.

■■ The affidavit attached to the motion to strike under section 48 of the Civil Practice Act, being uncontroverted, showed clearly plaintiff's action is barred, because the prior judgment of this court declared the instant contract, upon which plaintiff relies for the enforcement of his rights, illegal as contrary to public policy. *Dormeyer v. Haffa,* 343 Ill. App. 177, 180. We there held that the testimony established that the purpose for entering into the contract was part of a conspiracy between plaintiff and defendant to cheat and defraud the United States Government of income tax. We there said:

"Under all of the well-settled principles of public policy, no court is required or should lend its aid to such an illegal contract, and will close its doors to any plaintiff seeking to enforce the same. *In re Estate of Johnson,* 339 Ill. App. 110, 115; *DeKam v. City of Streator,* 316 Ill. 123; *Duck Island Hunting & Fishing Club v. Edward Gillen Dock, Dredge & Construction Co.,* 330 Ill. 121."

In *In re Estate of Johnson,* 339 Ill. App. 110, 115, this court declared the contract there involved as illegal and against public policy, because its purpose was to circumvent a certain federal statute, and held the same unenforceable. To the same effect are *Shaffner v. Pinchback,* 133 Ill. 410, 412; *Goodrich v. Tenney,* 144 Ill. 422, 430 (an equity action); *International Coal & Mining Co. v. Industrial Commission,* 293 Ill. 524, 533.

■ In *First Trust & Savings Bank of Kankakee v. Powers,* 393 Ill. 97, which was an equity action, the court said (p. 103):

"Where a contract is illegal or against public policy, a court of equity will not, at the instance of one of the parties who participates in the illegal or immoral intent, either compel the execution of the agreement

or set it aside after it has been executed, because to give relief in such a case would injure and counteract public morals. The application of this rule is not in the interest of any party to the illegal or immoral transaction but is in the interest of the general public."

The court further said (p. 104):

"If the question that an agreement is void as against public policy is not raised by a party to an action it is not only proper but necessary that the court *sua sponte* interpose the defense."

The adjudication by this court as to the legality of the same contract involved in the instant case was binding upon the lower court, and it would be futile to vacate the previous decree when it is obvious the plaintiff could not in this suit enforce any rights under the contract.

The instant complaint is also insufficient because it fails to set out in the complaint the bill, answer, and decree sought to be set aside in the former proceedings. In *Traeger v. Mutual Building Ass'n,* 189 Ill. 314, the court held:

"In a bill brought to review a decree it is necessary to set out the bill, answer and decree in the former proceedings, and the particulars in which the party exhibiting the bill of review conceives himself aggrieved by it. When the substance, only, of the former proceeding is stated, a copy thereof should be attached to the bill."

This court followed the rule announced in *Blakeslee v. Blakeslee,* 213 Ill. App. 168.

We think the court was fully justified in dismissing the complaint. The judgment appealed from is affirmed.

*Affirmed.*

LEWE, P. J. and KILEY, J., concur.