AMERICAN BONDING CO. OF BALTIMORE, MD., v. WELTS et al. SAME v. HALLORAN et al. SAME v. HENSON et al.

(Circuit Court of Appeals, Ninth Circuit. February 19, 1912.)

Nos. 1,989, 1,990, and 1,991.

1. SUBROGATION (§ 1*)—NATURE OF REMEDY.
   Subrogation is an equitable remedy designed to promote justice.
   [Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

2. SUBROGATION (§ 7*)—PRINCIPAL AND SURETY—OFFICIAL BONDS.
   Under Rem. & Bal. Code Wash. § 8326, making official bonds obligatory to the state and to persons injured by the obligor's official default, the surety of a defaulting county auditor is not entitled to recoup its loss by subrogation to the rights and remedies of the county against the defendant's county treasurer and county commissioners, on the theory that their negligence permitted the defalcation.
   [Ed. Note.—For other cases, see Subrogation, Dec. Dig. § 7.*]

3. INDEMNITY (§ 13*)—OFFICIAL BONDS—RIGHTS OF SURETY.
   The surety on a defaulting county auditor's bond cannot enforce reimbursement for his loss on the theory that defendants, county treasurer and county commissioners, are directly liable to the surety for their official negligence which permitted the defalcation.
   [Ed. Note.—For other cases, see Indemnity, Dec. Dig. § 13.*]

Appeal from the Circuit Court of the United States for the Northern Division of the Western District of Washington.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Actions by the American Bonding Company of Baltimore, Md., against R. O. Welts and others, against Patrick Halloran and others, and against George A. Henson and others. Judgments for defendants, and plaintiff appeals. Affirmed.

These appeals were argued and submitted together. Each of the suits was commenced in the court below by the appellant as complainant to recover a joint and several judgment against the defendants thereto in a sum exceeding the jurisdictional amount, the complainant being a surety company organized under the laws of the state of Maryland and authorized to do business in the state of Washington, of which latter state the defendants are citizens. In case No. 1,989 the bill alleges, among other things, that on or about November 4, 1902, one Fred Blumberg was elected county auditor and ex officio clerk of the board of county commissioners of Skagit county, Wash., and as such executed an official bond in the sum of $10,000, with the complainant as surety, and, having duly qualified, entered upon the discharge of the duties of his office for the term to which he had been elected, commencing January 12, 1903, and ending January 9, 1905; that defendant to the suit R. O. Welts was the county treasurer, and the defendants Bessner, Henson, and Henry were the county commissioners of Skagit county during Blumberg's said term, and qualified as such officers and gave the official bond required by law; that Blumberg as such auditor issued a large number of fictitious and fraudulent warrants, a detailed list of which is set out in the bill, made payable to the respective payees therein named, and, having so wrongfully issued such warrants, indorsed the same with the name of the payee therein named in substantially this form, "John Doe, by Fred Blumberg, County Auditor," and thereupon presented such warrants to the defendant Welts as such county treasurer, who paid the same, "except that in some instances the warrants were marked 'presented, but not paid for want of money in the fund,' and were thereupon sold by Blumberg to innocent third parties, who afterwards presented and received payment of said warrants from defendants R. O. Welts"; that in so paying the said fraudulent warrants the defendant Welts was guilty of gross negligence, and acted without inquiry or investigation as to the genuineness of the warrants or the authority of Blumberg to indorse the name of the several payees or to collect the same, and thereby the said county of Skagit was defrauded of the amount so paid on the warrants; that the said warrants so paid by the treasurer were, in accordance with the laws of the state of Washington, listed in detail and presented with the said list to the commissioners of the county at each of their quarterly sessions on the first Monday of January, April, July, and October by the treasurer, and that it then became the duty of the commissioners to carefully examine and check the said warrants and lists with a view of allowing the treasurer credit for all proper and valid warrants; that the commissioners wholly failed to discharge that and other statutory duties set out in the bill, "although even the most perfunctory performance of the same would have resulted in a full discovery of Blumberg's fraudulent practices as early as the first quarterly meeting of the commissioners in January, 1903," at which time a number of fictitious warrants came before them with the treasurer's detailed list, and as a consequence of that dereliction in duty the auditor was enabled to and did continue to issue and forge many other warrants described in the bill, and that thereby the county lost the amounts paid thereon; that Blumberg was re-elected auditor of Skagit county for a second term ending in January, 1907, during which he continued his peculations, and that shortly after the expiration of his term of office he committed suicide, whereupon his defalcation was discovered; that thereupon the county of Skagit commenced an action against the complainant as surety, in which action such proceedings were had that on the 10th day of June, 1910, judgment was rendered by the Supreme Court of the state of Washington against the complainant for a large sum of money, including the aggregate amount of the warrants described in the present bill of complaint, and that, Blumberg's estate being insolvent, the complainant below was compelled to and did discharge the said state judgment by

paying the full amount thereof with interest and costs; that in consequence of the alleged breach by the defendants to the present suit of their official duties, and of the terms of their several official bonds, the county of Skagit had a cause of action against them and each of them, as well as and in addition to the cause of action against Blumberg, and that that county having elected to proceed against Blumberg, and complainant as Blumberg's surety, having been forced to discharge an obligation for which the defendants were primarily liable, is equitably subrogated to all the rights and remedies of the county against the defendants to the present bill.

The bills in suits Nos. 1,990 and 1,991 proceed upon similar grounds, and the court below having sustained a demurrer to the bill in each case, and the complainant declining to amend, final judgment was entered in each for the defendants, from which judgments the complainant brought the present appeals.

In 1,989:

L. B. Da Ponte and F. S. Blattner, for appellant.

Farrell, Kane & Stratton, for appellees.

In 1,990:

L. B. Da Ponte and F. S. Blattner, for appellant

C. W. Dorr and H. E. Hadley, for appellees.

In 1,991:

L. B. Da Ponte and F. S. Blattner, for appellant.

C. H. Farrell; J. H. Kane, W. B. Stratton, E. C. Million, and J. P. Houser, for appellees.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge

ROSS, Circuit Judge (after stating the facts as above). [1, 2] Subrogation is a creature of equity designed to subserve the ends of justice, the application of which doctrine, therefore, depends upon the particular facts and circumstances of the case. Here the appellant was surety upon the bond of the county auditor, who became a defaulter and embezzler to the county's loss, which loss the surety was called upon to and did make good at the end of a suit brought by the county to enforce such payment. The statute of the state under which the bond was given declares that:

"Every official bond executed by any officer pursuant to law shall be in force and obligatory upon the principal and sureties therein to and for the state of Washington, and to and for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such officer in his official capacity, and any person so injured or aggrieved may bring suit on such bond in his or her own name without an assignment thereof." Section 8326, Rem. & Bal. Code.

The obligation assumed by the appellant for the faithful and honest official acts of the auditor was therefore not only for the benefit and protection of the county of Skagit, but for the benefit and protection of all others who might be injured by a breach of the conditions of that bond, among them, the treasurer and commissioners of the county. From the averments of the bills in these cases it is clear that the proximate cause of the county's loss and of the resultant loss to the appellant was the malfeasance of the auditor, for whose official honesty and faithfulness the appellant had bound itself. To permit it to recoup a loss so sustained by means of subrogation

out of those for whose benefit, in part, the surety company assumed the obligation, would be to put that doctrine to a use wholly foreign to its nature.

[3] Nor do we see any merit in the suggestion of counsel for the appellant that there is a direct liability from the appellees growing out of the violation of duties owed directly to appellant and upon the faith of the performance of which it is averred appellant executed the auditor's bond. What duty or obligation did the appellees or either of them assume towards the appellant in or by the bond executed by it to Skagit county? None such are alleged in either of the bills, and none such are suggested, or can be suggested, by appellant's counsel, since no such duty or obligation existed. The fact that the treasurer and commissioners of the county had other and distinct duties required of them by law for the faithful performance of which they, too, were required to give bonds to the county did not enter into the considerations for and upon which the appellant's undertaking was executed. There is therefore no ground for saying, as counsel for the appellant do, that the latter became surety upon the auditor's bond on the faith of the performance by the appellees of duties owing to the appellant and which the appellees violated.

Without, therefore, considering the question of the statute of limitations earnestly insisted upon by the appellees in support of the judgments of the court below, the judgment in each of the cases is affirmed.