JOSEPH B. THOMPSON, ANCILLARY RECEIVER OF THE SOUTHERN SURETY COMPANY, A CORPORATION, APPELLANT, v. GEORGE KORTE AND LAMBERT E. WALTHER, EXECUTORS OF THE LAST WILL AND TESTAMENT OF HERMAN J. KORTE, DECEASED, AND AMELIA SCHAEFER, RESPONDENTS.—58 S. W. (2d) 497.

St. Louis Court of Appeals. Opinion filed April 4, 1933.

Rehearing denied, April 18, 1933.

*McLaran & Garesche* and *E. H. Wayman* for appellant.

*Leahy, Saunders & Walther* for respondents.

SUTTON, C.—This suit, instituted in the Circuit Court of the City of St. Louis, on May 15, 1929, by the Southern Surety Company, seeks to subrogate said company to the right of Amelia Schaefer to recover from Herman J. Korte damages sustained by Amelia Schaefer through the purchase of certain spurious notes and deeds of trust.

Upon the trial, the defendants interposed a demurrer *ore tenus,* by way of objection to the introduction of any evidence, on the ground that the petition did not state facts sufficient to constitute a

cause of action against said Herman J. Korte. The court sustained the demurrer. Thereupon, the Southern Surety Company took an involuntary nonsuit, and afterwards unsuccessfully moved to set the same aside. From the judgment entered on the involuntary nonsuit, plaintiff has appealed to this court.

Since the lodgment of the cause here, pursuant to the appeal, the appointment of Joseph B. Thompson as ancillary receiver of the plaintiff has been suggested, and the cause has been revived in the name of said Thompson as such receiver.

The petition alleges that at the times mentioned therein Herman J. Korte was engaged in the general real estate and loan business under the firm name and style of Korte Realty and Loan Company, and that Francis J. Korte was engaged in said business as an employee or agent of Herman J. Korte, and that all the acts of Francis J. Korte, as averred, were done by him in the ordinary and usual course of business of Herman J. Korte and within the scope of his authority as an employee or agent of Herman J. Korte.

That on January 22, 1923, Francis J. Korte was appointed to the office of notary public within and for the City of St. Louis for a term of four years, and thereupon Francis J. Korte, as principal, and the Southern Surety Company, as surety, executed a bond to the State of Missouri in the sum of $5,000, conditioned that "the said Francis J. Korte shall faithfully perform the duties of said office according to law."

That on February 20, 1924, the said Francis J. Korte falsely certified that he had taken the acknowledgment of Paul Yaeger and Maud I. Yaeger, his wife, to a deed of trust covering certain real estate in the City of St. Louis, purporting to secure the payment of a principal note in the sum of $3,000, and six semi-annual interest notes each for the sum of $90, payable to the order of A. E. Elsner, purporting to have been executed by Paul Yaeger and Maud I. Yaeger, but that said Paul Yaeger and Maud I. Yaeger did not sign or execute any of said notes; that in the certificate of acknowledgment made by said Francis J. Korte, he falsely certified that Paul Yaeger and Maud I. Yaeger, his wife, both named as grantors in said deed of trust, appeared before him, and were personally known to him to be the persons described in and who executed said deed of trust, and that they had executed the same as their free act and deed; that said certificate was false, in that the signatures to said deed of trust were not made by the said Paul Yaeger and Maud I. Yaeger, and said Paul Yaeger and Maud I. Yaeger did not appear before said Francis J. Korte and acknowledge that they had executed the same as their free act and deed.

That on May 26, 1924, Amelia Schaefer purchased said principal note and interest notes and said deed of trust, before maturity, pay-

ing therefore $3,048, in reliance upon said certificate of acknowledgment made by said Francis J. Korte.

That on October 5, 1923, Francis J. Korte falsely certified that he had taken the acknowledgment of N. B. Bilinsky and Anna Bilinsky, his wife, to a deed of trust covering certain real estate in the City of St. Louis, purporting to secure the payment of a principal note in the sum of $4,000 and six semi-annual interest notes, payable to the order of A. E. Elsner, purporting to have been executed by N. B. Bilinsky and Anna Bilinsky, but that said N. B. Bilinsky and Anna Bilinsky did not sign or execute any of said notes; that in the certificate of acknowledgment made by said Francis J. Korte, he falsely certified that N. B. Bilinsky and Anna Bilinsky, his wife, both named as grantors in said deed of trust, appeared before him, and were personally known to him to be the persons described in and who executed said deed of trust, and that they had executed the same as their free act and deed; that said certificate was false, in that the signatures to said deed of trust were not made by the said N. B. Bilinsky and Anna Bilinsky, and the said N. B. Bilinsky and Anna Bilinsky did not appear before said Francis J. Korte and acknowledge that they had executed the same as their free act and deed.

That on February 18, 1924, Amelia Schaefer purchased said principal note and interest notes and said deed of trust before maturity, paying therefor the sum of $4,088.67, in reliance upon the said certificate of acknowledgment made by said Francis J. Korte.

That all of said notes were endorsed without recourse by A. E. Elsner, the payee therein, and that said notes and deeds of trust, when sold to Amelia Schaefer, were in the possession of Herman J. Korte by and through his employee and agent, Francis J. Korte.

That each of the parcels of real estate covered by said deeds of trust was, when said notes and deeds of trust were purchased by Amelia Schaefer, of a greater value than the indebtedness purporting to be secured thereby.

That said Amelia Schaefer, on January 14, 1926, instituted a suit against the Southern Surety Company in the Circuit Court of the City of St. Louis, on said notarial bond, and recovered a judgment thereon against said Southern Surety Company for $5,000, together with interest and costs; that on February 5, 1929, said judgment was, on appeal, affirmed by the St. Louis Court of Appeals; that said judgment was thereafter satisfied by the Southern Surety Company by the payment of $5,495.40, including interest and costs.

That said Herman J. Korke, by and through said Francis J. Korte, his employee and agent, offered said notes and deeds of trust for sale to the said Amelia Schaefer, and warranted and represented to the said Amelia Schaefer that said notes were valid and existing debts, and that said deeds of trust were valid and existing security therefor, although the said Herman J. Korte knew, or by the exer-

cise of reasonable care ought to have known, that said notes and deeds of trust were forgeries, and that said notes were not valid and existing debts, and that said deeds of trust were not valid and existing security for the sums paid therefor, as aforesaid, by said Amelia Schaefer; that said Amelia Schaefer purchased said notes and deeds of trust from said Herman J. Korte, by and through said Francis J. Korte, his employee and agent, and paid said Herman J. Korte, by and through the said Francis J. Korte, his employee and agent, for said notes and deeds of trust on the dates and in the amounts aforesaid.

That by reason of the breach of the representation and warranty made by the said Herman J. Korte, as aforesaid, by and through the said Francis J. Korte, his agent and employee, the said Amelia Schaefer was damaged in the sum of $7,000 and interest, and that the said Southern Surety Company, by reason of having paid, as aforesaid, the sum of $5,495.40, in discharge and satisfaction of its liability to said Amelia Schaefer on account of said bond, in equity is entitled to be subrogated to the extent of said sum of $5,495.40 to all the rights and remedies of said Amelia Schaefer against the said Herman J. Korte, as aforesaid, and to have judgment against said Herman J. Korte for said sum of $5,495.40 and costs of suit.

The opinion in State ex rel. Schaefer v. Korte, referred to in the petition, is reported in 13 S. W. (2d) 558.

The present appeal presents an anomalous case. There is none in the books like it. Plaintiff predicates the right of the Southern Surety Company to recover from the executors of Herman J. Korte, by way of subrogation, the amount the Surety Company was compelled to pay Amelia Schaefer to reimburse her for what she paid Francis J. Korte for the forged notes and deeds of trust, in reliance upon the false certificates of acknowledgment to said deeds of trust made by Francis J. Korte, on the theory that in the sale of said notes and deeds of trust to Amelia Schaefer, Herman J. Korte, through his agent Francis J. Korte, warranted the genuineness of said notes and deeds of trust, and Amelia Schaefer would therefore have been entitled to recover from Herman J. Korte, on said warranties, what she paid for said notes and deeds of trust. There is no allegation of knowledge, or bad faith, on the part of Herman J. Korte, with respect to the false certificates of acknowledgment, or the forged notes and deeds of trust, or the sales of said notes and deeds of trust to Amelia Schaefer. Nor is there any allegation that Herman J. Korte profited by such sales. It may be granted that Herman J. Korte became liable to Amelia Schaefer on express or implied warranties arising from the acts of his agent, Francis J. Korte, in selling the notes and deeds of trust to her, but it is certain Herman J. Korte did not become liable to Amelia Schaefer on account of the official

acts of Francis J. Korte as notary public in making the false certificates of acknowledgment. In his official capacity Francis J. Korte did not, and could not, act as the agent of Herman J. Korte. The Southern Surety Company suffered no loss on account of these warranties. Amelia Schaefer did not, and could not, recover of the Southern Surety Company for the breach of them. She recovered of the Southern Surety Company for the breach of Francis J. Korte of his official bond in. making the false certificates of acknowledgment on which she relied in purchasing the notes and deeds of trust. The bond was given for the protection of every one injured by its breach—for the protection of Herman J. Korte, as well as for the protection of Amelia Schaefer. The fact that Francis J. Korte was the agent of Herman J. Korte did not deprive Herman J. Korte of the protection of the bond. In his official capacity Francis J. Korte owed the same duty to his principal as to any one else, and for the faithful performance of such duty the Southern Surety Company undertook to answer. If Francis J. Korte made Herman J. Korte liable to Amelia Schaefer in selling to her the spurious notes and deeds of trust, he was enabled to do so through the breach of such duty, in making the false certificates of acknowledgment, for Amelia Schaefer took the spurious notes and deeds of trust in reliance upon such false certificates; this has been adjudicated. It is clear that the proximate cause of Amelia Schaefer's loss and of the resultant loss to the Southern Surety Company was the official malfeasance of Francis J. Korte, for whose official faithfulness the Southern Surety Company had bound itself. To permit the surety company to recoup a loss so sustained, by means of subrogation, out of one for whose benefit, as well as for the benefit of others, the surety company assumed the obligation, would be to put the doctrine of subrogation to a use wholly foreign to its nature. [American Bonding Co. v. Welts. 193 Fed. 978; American Bonding Co. v. State Savings Bank (Mont.), 133 Pac. 367; Oglesby v. Foley, 153 Ill. 19; National Surety Co. v. Arosin. 198 Fed. 605.]

It is obvious that plaintiff's petition aims merely to make a case for Amelia Schaefer against Herman J. Korte, and assumes that this entitles the Southern Surety Company to be subrogated to her right of action against Herman J. Korte, leaving out of consideration the fact that the bond protects Herman J. Korte as well as Amelia Schaefer, and that if she had successfully pursued her right of action against him, he would have then had a right of action against the Southern Surety Company on the bond to recover for the loss thus sustained by him and primarily resulting from the same breach of the bond for which Amelia Schaefer recovered in her action against the Southern Surety Company.

It is clear that the petition fails to make out a case for recovery against Herman J. Korte, or his executors, either at law or in equity.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Becker, P. J.,* and *Kane* and *McCullen, JJ.,* concur.